IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ZERO PRODUCTS, INC.,              §
                                  §
          Plaintiff,              §
                                  §
v.                                §      CIVIL ACTION NO. H-07-1334
                                  §
UNITED STATES OF AMERICA,         §
                                  §
          Defendant.              §

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant United States of America's Motion for Summary Judgment (Document No. 19), to which Plaintiff Zero Products, Inc. has filed no response and which is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

I.  <u>Background</u>

This is a tax dispute. Plaintiff Zero Products, Inc. ("Plaintiff") alleges that, over a period of years, Defendant United States of America ("Defendant") wrongfully assessed Plaintiff with taxes, penalties, and interest based on an error in Plaintiff's reporting of an employee bonus in its tax return for the fourth quarter of 1995. Document No. 17 at 2. According to Plaintiff, the wrongful assessments and subsequent levies by Defendant rendered Plaintiff unable to pay taxes for later tax

periods, thus precipitating further penalty and interest assessments.

The IRS records submitted by Defendant reflect that Plaintiff filed its Form 941 employment tax returns for the fourth quarter of 1995 and the fourth quarter of 1996 on November 21, 1996 and May 19, 1997, respectively. Document 19 ex. 1 at 2; Document 19 ex. 2 at 10. Plaintiff made numerous payments toward its tax liability for the last quarter of 1995, the last of which occurred on May 19, 1997. Document 19 ex. 1 at 6. For the last quarter of 1996, Plaintiff similarly made several payments over the course of several years. Most recently, on April 19, 2005, Defendant levied funds in Plaintiff's bank account to satisfy outstanding taxes for that tax period. Document 19 ex. 2 at 16-17.

The "Second Amended Complaint," citing exhibits attached thereto, alleges that Plaintiff "prepared and sent to the IRS two Form 843 Claim for Refund and Request for Abatement forms (one for 1995 and one for 1996) on April 19, 2007." Document No. 17 at 6 ¶ 20 (emphasis omitted). The cited exhibits consist of: (1) a Form 843 Claim for Refund and Request for Abatement for the fourth quarter of 1995 with the IRS, dated April 19, 2007, which the IRS received on April 24, 2007; and (2) an undated, unsigned Form 843 for the fourth quarter of 1996. Document No. 20 ex. 3 at 6, ex. 4 at 6.

Plaintiff filed suit and, in the Second Amended Complaint, seeks: (1) "a refund and abatement of all amounts wrongfully assessed against and collected from it, for the [f]ourth quarter of 1995 and it is believed the first quarter of 1996, when originally paid *(however the corrected 941 returns may refer to a different quarter of 1996)*"; (2) "a determination that Plaintiff is not subject to penalty pursuant to . . . 26 U.S.C. [§] 6672"; and (3) attorney's fees and costs. Document No. 17 at 8 ¶ 27, 9 ¶¶ 29-30 (emphasis in original).

Defendant now moves for summary judgment, contending that Plaintiff's refund claims are barred by the applicable statute of limitations. Document No. 19 at 1.

## II.   Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See*

id. at 2553-54.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  *See* Anderson, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id. (citing Anderson, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

4

III.  <u>Discussion</u>

Defendant contends that Plaintiff failed timely to file an administrative claim for refund of federal taxes, and that such failure deprives this court of subject-matter jurisdiction. Document 19 at 5.  It is well-established that the United States is immune from suit, that immunity may be waived by statute if such waiver is clearly articulated, and that a lack of such waiver deprives the court of jurisdiction. *See* <u>United States v. Dalm</u>, 110 S. Ct. 1361, 1368 (1990).  In particular, Congress has established a method by which taxpayers may sue the United States "for the recovery of internal revenue tax alleged to have been erroneously or illegally assessed or collected without authority."  28 U.S.C. § 1346(a)(1).

However, this grant of jurisdiction is limited by 26 U.S.C. §§ 7422 and 6511.  Section 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed."  Additionally, Section 6511(a) requires that a

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.

5

26 U.S.C. § 6511(a).  Read together, these statutes make clear that compliance with the limitations periods prescribed in § 6511(a) is a jurisdictional prerequisite to suit.  *See* <u>Dalm</u>, 110 S. Ct. at 1365.  Furthermore, the filing deadlines within § 6511(a) are strictly construed.  *See* <u>Stelco Holding Co. v. United States</u>, 42 Fed. Cl. 101, 104 (1998); *see also* <u>United States v. Brockamp</u>, 117 S. Ct. 849, 852-53 (1997) (analyzing the "highly technical language" in § 6511(a) and concluding that the statute forecloses the application of equitable tolling).  The taxpayer has the burden of proving the timeliness of its refund claim.  *See* <u>United States v. Rochelle</u>, 363 F.2d 225, 231 n.11 (5th Cir. 1966).

Because Plaintiff's claims pertain to two different tax periods, each is discussed below.

A.   <u>Last Quarter of 1995</u>

According to Defendant, Plaintiff's claim for refund for the fourth quarter of 1995 was not filed within three years from the date it filed its return, or within two years from its last payment, as required under § 6511(a).  Document No. 19 at 5.  The certified records submitted by Defendant show that Plaintiff filed its return for the last quarter of 1995 on November 21, 1996.  Document 19 ex. 1 at 2.  The Amended Complaint alleges that Plaintiff "prepared and sent to the IRS" its Form 843 claim for refund for the fourth tax quarter of 1995 on April 19, 2007.

Document No. 17 at 6 ¶ 20.  That form was received by the IRS in its Austin, Texas office on April 24, 2007.  Document No. 20 ex. 4 at 6.  Thus, Plaintiff's claim for refund was "filed" on April 24, 2007.  *See* Phinney v. Bank of Sw. Nat'l Ass'n, 335 F.2d 266, 268 (5th Cir. 1964) (citing United States v. Lombardo, 36 S. Ct. 508 (1916), and holding that the filing of an estate tax return "was not delivered, and hence not filed" until it was received by the District Director); *see also* Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n v. Comm'r, 523 F.3d 140, 147 (3d Cir. 2008) ("A statutory filing requirement generally can be satisfied only by actual, physical delivery to the Government."); Simms v. United States, 867 F. Supp. 451, 453-54 (W.D. La. 1994) (holding that taxpayers' income tax refunds are not "filed" until actually delivered to the IRS).  Plaintiff's claim for refund for the last quarter of 1995 was therefore "filed" on April 24, 2007, more than ten years after Plaintiff filed its tax return for that quarter (November 21, 1996), and hence more than seven years beyond the three-year limitations period in § 6511(a).

Defendant's evidence also establishes that Plaintiff's last payment toward its tax liabilities for the fourth quarter of 1995 occurred on May 19, 1997, far more than two years before the April 24, 2007, filing date of its refund claim.[1]  Id. ex. 1 at 6.

---

[1] In arguing the two-year limitation as applied to Plaintiff's claims for the last quarters of 1995 and 1996, Defendant cites

Plaintiff's refund claim regarding taxes for the last quarter of 1995 is therefore barred pursuant to § 6511(a).

B.   <u>Last Quarter of 1996</u>

Defendant's motion presumes that Plaintiff's 1996 claim is based on Plaintiff's taxes for the last quarter of that year. Document No. 19 at 1.  Although the Amended Complaint asserts that the refund sought pertains to taxes assessed and collected for the last quarter of 1995 and "*first* quarter 1996," Document No. 17 at 8 ¶ 27 (emphasis added), that assertion is qualified by language indicating that "the corrected 941 returns may refer to a different quarter of 1996," and emphasizing that Plaintiff merely "believed" that the challenged taxes, penalties, and interest relate to the first quarter of 1996, <u>id.</u> at 8 ¶ 27, 9 ¶ 9.  Significantly, elsewhere in the Complaint, Plaintiff refers to a Form 843 claim for refund for 1996 that it allegedly sent to the IRS on April 19, 2007.  <u>Id.</u> at 6 ¶ 20.  In that form, the tax period is identified

---

§ 6511(b)(2)(B).  *See* Document No. 5-6.  That section limits a taxpayer's potential recovery to payments made within the two-year period preceding the filing date of a claim for refund, if the claim was not filed within three years after the date the tax return was filed.  *See* 26 U.S.C. § 6511(b)(2)(B) ("If the claim was not filed within such 3-year period [as prescribed in § 6511(a)], the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.").  Nonetheless, whether Plaintiff made any payments within two years of its filing of refund claims for the last quarters of 1995 and 1996 is directly relevant to the timeliness of Plaintiff's suit under § 6511(a).

as "10/01/96 to 12/31/96"--the *last* quarter of that year.  Document
No. 20 ex. 3 at 6.  Reconciling Plaintiff's equivocal references to
the first quarter of 1996 with Plaintiff's clear invocation of the
last quarter of 1996 as the basis for its refund claim, the Court
concludes that the Amended Complaint is properly construed in
relevant part as an action to recover amounts assessed and
collected for the last quarter of 1996.

The uncontroverted evidence is that Plaintiff filed its tax
return for the last quarter of 1996 on May 19, 1997.  Document No.
19 ex. 2 at 10.  The Amended Complaint alleges that Plaintiff sent
an IRS Form 843 claim for refund on April 19, 2007, Document No. 17
at 6 ¶ 20.  However, the copy of that form attached to Plaintiff's
Amended Complaint is unsigned and undated, Document No. 20 ex. 3 at
6, and Defendant represents that the IRS has no record of receiving
it, Document No. 19 at 2.  Plaintiff filed no response and has
presented no summary judgment evidence that it did in fact send a
claim for refund, by what means, on what date, and if and when it
was received by the IRS.  Plaintiff has therefore not met its
burden of demonstrating that its claim for refund for the fourth
quarter of 1996 was timely filed, and its claim is therefore
barred.

This should end the matter.  Defendant, however, presents
arguments as to why it is entitled to summary judgment *assuming*
that Plaintiff did send a Form 843 Request for Refund, as it

9

alleges, for the fourth quarter of 1996.  On this assumption, because the Form 843 Request for Refund for 1996 was allegedly sent with Plaintiff's Form 843 for 1995, the 1996 Request would presumably have been received by the IRS simultaneously with the 1995 refund claim, on April 24, 2007.  This was far more than three years after the filing of Plaintiff's 1996 fourth quarter tax return.  Additionally, Defendant's uncontroverted evidence shows that the most recent amount collected from Plaintiff and applied toward its liability for that tax period was a levy by the IRS on April 19, 2005.[2]  Id. ex. 2 at 17-18.  A levy against a taxpayer's assets to satisfy outstanding tax liabilities constitutes a "payment" for purposes of § 6511(a).  *See* McFarland v. United States, 490 F. Supp. 238, 242 (D.C. Ga. 1980) (holding a levy by the IRS is a "payment" within the meaning of § 6511); *see also, e.g.*, Qureshi v. United States, 75 F.3d 494, 496 (9th Cir. 1996) (citing McFarland as support for the principle that "[a] remittance

---

[2]  The Amended Complaint asserts that the IRS seized funds in Plaintiff's bank accounts on May 16, 2005 and April 26, 2006, but none of the funds are alleged, nor are they shown by any summary judgment evidence, to have been applied to Plaintiff's tax liabilities for the fourth quarters of 1995 and 1996, the tax periods at issue in this case.  *See* Document No. 17 at 5 ¶ 15 (alleging the IRS seized $13,131.75 from Plaintiff's bank account on May 16, 2005, but not identifying the tax period to which the funds were applied); id. at 5 ¶ 16 (contending the IRS levied Plaintiff's account on April 26, 2006 and applied $12,929.00 in funds to tax liabilities for the *first and second* quarters of 1995).  The unsubstantiated allegations in Plaintiff's Amended Complaint are insufficient to raise a genuine issue of material fact regarding when Plaintiff's last payments for the relevant tax periods were made.

or amount collected is recognized as a 'payment' to the IRS when it discharges a definite obligation"); Vaughn v. United States, Civil Action No. SA-04-CA-0550, 2005 WL 1020947, at *2 (W.D. Tex. Apr. 13, 2005) (holding a refund claim was untimely under § 6511(a) because "the most recent levy payment . . . was paid more than three years prior to the claim filing date").  Because the uncontroverted evidence establishes that Plaintiff's last payment toward its tax liabilities for the fourth quarter of 1996 occurred on April 19, 2005, two years and five days before its Form 843 claim for refund, if sent, was presumably filed on April 24, 2007, Plaintiff's claim for this tax period is untimely.

In sum, the Court concludes that Plaintiff did not timely file claims for refund for the last quarters of 1995 and 1996 either within three years after the filing date of its tax returns, or within two years from the date its last payments were made, as required under § 6511(a).  Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's suit for refund and abatement of taxes for the fourth quarters of 1995 and 1996, and Defendant is entitled to summary judgment on Plaintiff's claims.

IV.  Order

For the reasons set forth, it is hereby

ORDERED that Defendant United States of America's Motion for Summary Judgment (Document No. 19) is GRANTED, and Plaintiff Zero

Products, Incorporated's claims are DISMISSED for lack of subject matter jurisdiction.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 4th day of August, 2008.


EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12